IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON CHARLES TADYCH | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-3603 |
| | : | |
| TREVOR A. WINGARD, et al. | : | |

# **ORDER**

AND NOW, this 23rd day of January, 2019, upon careful and independent consideration of Petitioner Leon Charles Tadych's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 and the response thereto, and upon de novo review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice and Tadych's objections thereto, it is ORDERED:

    1.    Tadych's objections (Documents 24 and 26) are OVERRULED[1];

---

[1] On June 6, 2013, pro se Petitioner Leon Charles Tadych pleaded guilty to charges stemming from sexual relations with a minor. Pursuant to a plea agreement, Tadych received a sentence of 12-24 years' imprisonment, which included a 10-year mandatory minimum sentence because Tadych admitted the victim was under 16 years old in his plea agreement. On June 30, 2016, Tadych filed the instant Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (the Petition). This Court referred the Petition to United States Magistrate Judge Timothy R. Rice for a Report and Recommendation (R&R). The R&R recommended that Tadych's Petition be denied and dismissed with prejudice because it found his claims were procedurally defaulted, non-cognizable in habeas review, and meritless. Tadych filed objections to those findings, and under 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objections are made."

    Upon de novo review of the record, and in light of the fact that Judge Rice already considered and addressed the arguments Tadych sets forth in his objections, Tadych's objections are overruled for the reasons stated in the R&R. The Court will, however, address Tadych's additional argument that the Third Circuit's recent decision in *Richardson v. Superintendent Coal Township SCI*, 905 F.3d 750 (3d Cir. 2018), decided after Judge Rice issued his R&R, excuses his procedurally defaulted ineffective assistance of counsel claim regarding trial counsel's failure to file a post-sentence motion challenging the mandatory minimum sentence he received pursuant to *Alleyne v. United States*, which held that "[f]acts that increase [a] mandatory minimum sentence[] . . . must be submitted to the jury and found beyond a reasonable doubt." 570 U.S. 99, 104 (2012). Although Tadych raised this objection by filing a supplemental

objection outside of the permissible 14-day period for filing objections to the R&R, *see* Local R. Civ. P. 72.1(IV)(a), the Court will nevertheless consider it.

Before seeking relief under federal habeas law, a petitioner must first exhaust his remedies in state court. *See* 28 U.S.C. § 2254(b)(1). If the petitioner fails to do so and the state court would now refuse to review the claim due to a state procedural rule that is independent of the federal question and adequate to support the judgment, the petitioner's claims are non-cognizable on federal habeas review and considered procedurally defaulted. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011). A federal court may only consider a procedurally defaulted claim if the petitioner demonstrates (1) cause to excuse his failure to exhaust his state court remedies and actual prejudice; or (2) a fundamental miscarriage of justice from a failure to review the defaulted claim. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Ineffective assistance of collateral review counsel is one case where a petitioner may excuse the procedural default of an ineffective assistance of trial counsel claim. *Richardson*, 905 F.3d at 759.

A petitioner may establish cause for a procedurally defaulted ineffective assistance of trial counsel claim under the test set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012). Under *Martinez*, a petitioner must show (A) there was no counsel or counsel was ineffective during collateral review; (B) the lack of, or ineffectiveness of, counsel occurred in the first collateral review proceeding; and (C) the underlying claim is of ineffective assistance of trial counsel and is "substantial," i.e., "has some merit." *Richardson*, 905 F.3d at 762 (citing *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014). The *Martinez* analysis requires a showing that both collateral review counsel and trial counsel were ineffective. *See id.* Whether counsel is ineffective is evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a petitioner to show counsel's representation was (i) deficient, meaning it "fell below an objective standard of reasonableness", and (ii) the petitioner suffered prejudice, meaning there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Workman v. Superintendent Albion SCI*, 908 F.3d 896, 904 (3d Cir. 2018).

Prior to the Third Circuit's recent decision in *Richardson*, it was unclear whether a defendant has the right to post-sentencing counsel, i.e., counsel that represents a defendant after a defendant has been sentenced but before a defendant files a notice of appeal. 905 F.3d at 764 (citing *Marshall v. Rodgers*, 569 U.S. 58, 51 (2013)) ("The [United States Supreme] Court recently declined to decide whether there is a right to counsel to file a post-sentencing motion . . . And we have never addressed the issue."). *Richardson* held that, in Pennsylvania state court, "post-sentencing motions are a critical stage under the Sixth Amendment," which requires effective counsel. *Id.* 764-65. It further held that and the "substantiality" requirement in prong three of *Martinez* is "a notably lower standard than the proof required by *Strickland*'s prejudice second prong." *Id*. at 764.

Tadych argues that *Richardson* allows him to establish cause to excuse his procedurally defaulted claim because (A) Pennsylvania Post Conviction Relief Act (PCRA) counsel was ineffective for failing to argue that trial counsel was ineffective for not filing a post-sentence motion for relief pursuant to *Alleyne*; (B) the error of PCRA counsel occurred in his first PCRA petition; and (C) trial counsel's failure to file a post sentencing motion pursuant to *Alleyne* was substantial because he was entitled to effective assistance of counsel during the post-sentencing period and counsel's failure to recognize the *Alleyne* issue was objectively unreasonable under *Strickland*. The Court disagrees.

2. The Report and Recommendation (Document 20) is APPROVED and ADOPTED;

3. Tadych's Petition for Writ of Habeas Corpus (Document 1) is DENIED and DISMISSED;

4. Tadych's request for stay and abeyance (Document 25) is DISMISSED as moot[2]; and

5. Tadych having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

---

At the outset, *Richardson* establishes the right to effective post-sentencing counsel and clarifies the substantiality requirement of the procedural default analysis—the third prong of *Martinez*. In the instant matter, however, Tadych fails to establish that his PCRA counsel was ineffective—the first prong of *Martinez*. As Judge Rice notes in his R&R, at the time Tadych's first counseled PCRA petition was filed, a mandatory minimum sentence did not violate *Alleyne* "if the facts implicating the mandatory sentence were the result of a plea agreement." R&R 14 (collecting cases). Because the facts implicating the mandatory minimum sentence in Tadych's case—the age of the minor victim—were admitted in Tadych's guilty plea agreement, *Alleyne* did not apply to his case. Thus, at the time Tadych filed his first PCRA petition, any argument as to the ineffective assistance of trial counsel for failing to file a post-sentence motion based on *Alleyne* would have been meritless. As the Third Circuit has routinely held, counsel is not deemed ineffective for failing to raise a meritless argument. *See, e.g.*, *Glass v. Sec'y Pa. Dep't of Corrs.*, 726 F. App'x 930, 933 (3d Cir. 2018) ("[C]ounsel cannot be deemed ineffective for failing to pursue meritless arguments."); *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (quoting *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999)) ("[T]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."). Consequently, Tadych cannot establish the first prong of *Martinez* to excuse his procedural default and *Richardson* therefore provides him no relief. Accordingly, Judge Rice's Report and Recommendation is approved and adopted, and the Petition is denied.

[2] In a letter dated September 1, 2017, Tadych also moves to stay the instant habeas proceedings pending the outcome of his petition for allowance of appeal to the Pennsylvania Supreme Court regarding the dismissal of his second PCRA petition as untimely. However, on March 21, 2018, the Supreme Court of Pennsylvania denied Tadych's petition. *See Commonwealth v. Tadych*, 182 A.3d 992 (Pa. 2018). Therefore, Tadych's motion to stay is dismissed as moot. The Court further notes that Tadych's second PCRA petition has no bearing on the instant habeas petition as his second PCRA petition was dismissed as untimely and thus does not further exhaust any claims he raises in the instant petition.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.